IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARGARET STONER,               )<br>                                                         )<br>            Plaintiff,              )<br>                                                         )<br>     v.                                             )<br>                                                         )<br>MICHAEL J. ASTRUE, Commissioner of Social )<br>Security,                                       )<br>                                                         )<br>            Defendant.              ) | CV-06-1572-MO<br><br>OPINION AND ORDER |

MOSMAN, District Judge:

**<u>INTRODUCTION</u>**

Plaintiff Margaret Stoner brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income payments (SSI) under Title XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g), 1383(c)(3). The Commissioner's decision is affirmed and the case is dismissed.

## BACKGROUND

Stoner and her husband filed two "couple's" applications for SSI benefits in 2002, which were denied because of excess resources. Stoner filed an individual application for SSI on April 21, 2003. The application was denied based on excess income or resources and no medical determination of disability was made. Following a request for reconsideration, the Social Security Administration (SSA) sent a letter to Stoner requesting information regarding resources and did not receive a reply. Instead of a denial of the reconsideration, the agency apparently sent another initial denial notice. This was followed by another request for reconsideration and a denial of that reconsideration.

A hearing was held in New Mexico before an Administrative Law Judge (ALJ) on July 11, 2005. The ALJ issued an opinion on October 26, 2005, finding Stoner was not entitled to SSI based on excess resources. No determination of medical eligibility was addressed by the opinion. Stoner requested review of the ALJ's decision by the Appeals Council and submitted records to the Appeals Council regarding her resources. The Appeals Council denied her request for review noting the submitted materials did not alter the ALJ's opinion, which is the final decision of the Commissioner.

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To be eligible for SSI payments an individual must meet income and resource guidelines. 42 U.S.C. §1382. Resources include "cash or other liquid assets, or any real or personal property that an individual (or spouse, if any) owns and could convert to cash." 20 C.F.R. §416.1201(a). The resources of a spouse, excluding certain pensions, are considered in this determination. 20 C.F.R. § 416. 1202. As of January 1989, resources for a married couple cannot

exceed $3,000. 20 C.F.R. § 416.1205. Automobiles, trucks, tractors, and boats are considered resources and are evaluated based on equity value. 20 C.F.R. § 416.1201(c). One automobile is excluded in the resource determination if is used for transportation for the individual or household member. 20 C.F.R. § 416. 1218.

## THE ALJ's FINDINGS

The ALJ noted Stoner reported ownership of several motor vehicles on her 2002 SSI application and ownership of no vehicles on her 2003 application. Tr. 69-72, 74-82. The ALJ noted further that records from the Oregon Department of Transportation, Motor Vehicles Division, (DMV), indicated five vehicles owned by Stoner and/or her husband. Tr. 13. She found there was "no adequate proof submitted" to rebut the official records from the Oregon DMV. *Id.* The ALJ found these were the personal property of Stoner and/or her husband and "with the exception of one automobile, countable resources for the purpose of determining eligibility" for SSI. Tr. 14. She noted the agency found these vehicles to be in excess of the $3,000 resource limit for a married couple. The ALJ found Stoner had resources above the resource limit and was not eligible for SSI benefits. *Id.* The ALJ noted the state agency had made no determination of medical disability. The ALJ made no determination of medical eligibility. *Id.*

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d at 1193. The Commissioner's decision must be upheld, even if the "evidence is susceptible to more than one rational interpretation." *Andrews v. Shalala*, 53 F.3d at 1039-1040.

## **DISCUSSION**

Stoner argues the ALJ improperly determined she was not eligible for SSI based on her resources. She argues that she submitted sufficient evidence to demonstrate she no longer owned the several vehicles registered in her name and/or her husband's name. The record indicates the SSA contacted Stoner in July 2003, requesting information on the vehicles registered in her and/or her husband's name. Tr. 44. On August 14, 2003, the SSA sent a letter to Stoner's attorney stating Stoner's application was denied because she failed to respond to the letter and had excess resources. The letter also stated if Stoner appealed the denial she needed to provide "detailed and veritable proof of the status and value of all vehicles" registered in her and/or husband's name. Tr. 50.

SSA records indicate a phone call was made on October 10, 2003, informing Stoner's attorney that the SSA had not received any information to refute the listing of assets, but would hold the file open until November 10, 2003. Tr. 53. On December 11, 2003, the SSA affirmed the denial, noting that Stoner had not submitted documentation to show she did not own several vehicles or "that the current market value of your countable assets does not exceed $3,000." Tr. 56. On January 22, 2004, the SSA sent a letter to Stoner indicating if she no longer owned vehicles, she must prove it and enclosed a copy of the July 2003, letter listing the vehicles registered in her and/or her husband's name. Tr. 60. In addition, the letter reiterated one vehicle would not be counted

toward the $3,000 resource limit, but she was "responsible for providing proof of what happened to any vehicle you claim you do not own when DMV says you do own it. You must provide evidence of any vehicle sale." *Id.* Stoner submitted records from the Oregon DMV to the ALJ on July 19, 2005. Tr. 84-86. The records are dated June 29, 2005, and list nine vehicles registered in her and/or her husband's name. Four of these have a sold flag. Five vehicles do not have a sold flag. *Id.* Stoner also submitted a copy of a vehicle bill of sale, dated September 23, 2003, for a vehicle not on the Oregon DMV list. Tr. 87.

Stoner argues that the ALJ rejected her husband's testimony at the hearing regarding the vehicles. However, the hearing transcript indicates the ALJ repeated the same information that Stoner and Stoner's attorney had received in writing from the SSA, i.e., Stoner needed to submit official documentation regarding ownership and/or sale of the vehicles. Tr. 115-124. The ALJ issued her decision on October 26, 2005. The ALJ based her decision on the evidence before her, that is, the records from the Oregon DMV indicating Stoner and/or her husband owned five vehicles. The ALJ excluded one vehicle from the countable resources as provided by the regulations. Tr. 13. However, the ALJ found Stoner's remaining resources exceeded the resource limitation provided in 20 C.F.R. § 416. 1205. Tr. 13.

Stoner submitted additional Oregon DMV records concerning the nine vehicles to the Appeals Council on November 22, 2005. Tr. 93-102. These records indicate that a motor home registered to Stoner's husband had a "title surrendered " notation. Tr. 95. Two vehicles had a flag on file that "could affect ownership." Tr. 94, 99. Five vehicles were flagged as sold. Tr. 96-98, 100-101. One vehicle had a flag on ownership and listed a security interest in the vehicle. Tr. 102. On January 3, 2006, Stoner sent a letter from the Oregon DMV and records from the New Mexico

DMV to the Appeals Council. Tr. 103-108. The records from the New Mexico DMV indicate the two vehicles with "flags on file that could affect ownership" were registered to an individual in New Mexico. 107-108. A letter from the DMV to Margaret Stoner dated December 14, 2005, states,

> We confirmed that several vehicles you no longer own remain recorded in your name in DMV's records because the new owners have not transferred title. Each of these records does contain a notation that you sold the vehicle. . . . The only vehicle record listing you as the registered owner that does not contain a sold notation is a 1987 Mercury, plate NPD853, which was titled in your name on October 20, 2005. . . . You may use this letter as evidence that DMV records currently indicate you own, along with Clifford L. Stoner, a 1987 Mercury with registration plate NPD853. All other vehicle records listing your name contain a notation you no longer own the vehicle.

Tr. 104.

The Appeals Council declined to review the ALJ's decision and noted the new evidence indicated eight of the original nine vehicles had been sold. Tr. 4-6. However, the motor home registered to Stoner's husband did not have a notation that it had been sold, only that the title had been surrendered. In addition, the Appeals Council noted the records indicated a new vehicle, a Mercury, was registered to the Stoners as of October 2005. The Appeals Council also noted that Stoner had not submitted evidence regarding the monetary value of the vehicles, the dates the vehicles were sold, the amount of money received for the vehicles, whether this money was "spent down" to the resource limit, the value of the remaining vehicles, or how the vehicles were used. Tr. 5.

As noted by the Appeals Council, the additional evidence submitted by Stoner regarding vehicle ownership does not establish that she met the resource limit. The record regarding her husband's ownership of a motor home is unclear. The letter from the DMV noted she did not own any vehicle other than the Mercury, but does not address her husband's ownership of other vehicles.

The resources of spouses are included in the $3,000 resource limit. 20 C.F.R. § 416. 1202. Even if Stoner's husband no longer owned the motor home, Stoner failed to provide the required information regarding date of sale, amount of sale, and value of vehicles sold. The ALJ's opinion was based on substantial evidence and free of legal error.

## **CONCLUSION**

Based on the foregoing, the ALJ's decision that Stoner is not disabled under the Social Security Act is based on correct legal standards and supported by substantial evidence.

## **ORDER**

The Commissioner's final decision is AFFIRMED and the case is DISMISSED.

IT IS SO ORDERED.

DATED this 11th day of October, 2007.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge